1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL NARVELLE CHISOM,              No.  1:21-cv-01368-JLT-SKO (HC)

12                    Petitioner,           ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS
13         v.                               (Doc. 10)

14    WARDEN ATCHYLEY,                       ORDER DISMISSING PETITION FOR WRIT
                                             OF HABEAS CORPUS, DIRECTING CLERK
15                    Respondent.            OF COURT TO ENTER JUDGMENT AND
                                             CLOSE CASE, AND DECLINING TO ISSUE
16                                           CERTIFICATE OF APPEALABILITY

17

18         Michael Narvelle Chisom is a state prisoner proceeding *pro se* and *in forma pauperis* with

19    a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a

20    United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21         On September 30, 2021, the assigned magistrate judge issued findings and

22    recommendations to dismiss the petition as unexhausted.  (Doc. 10.)  Those findings and

23    recommendations were served upon all parties and contained notice that any objections thereto

24    were to be filed within 21 days after service.  The deadline to file objections expired, and no

25    objections were filed during that time; however, on February 2, 2022, petitioner submitted

26    untimely objections.  (Doc. 13.)

27         In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

28    *de novo* review of the case.  Based on the objections, it is clear petitioner has not exhausted his

1    state remedies.  Petitioner indicates that he filed a habeas petition in the Madera County Superior

2    Court on March 22, 2021 and received a denial on July 1, 2021. (Doc. 13 at 2.)  Petitioner states

3    he then filed the instant petition in this Court.  (Doc. 13 at 2.)  It appears that petitioner

4    mistakenly believes that this federal court is the next court in the appellate process.  Petitioner is

5    advised that the California Court of Appeals, Fifth Appellate District, is the higher court for

6    appealing the decision of the Madera County Superior Court.  Further, should the California

7    Court of Appeals deny his petition, the next court in the appellate process is the California

8    Supreme Court.  Petitioner is advised that he must pursue relief for his claims at all three levels of

9    the California courts before bringing his claims in this Court.

10         Having carefully reviewed the entire file, including Petitioner's objections, the Court

11    concludes that the magistrate judge's findings and recommendations are supported by the record

12    and proper analysis.

13         In addition, the Court declines to issue a certificate of appealability.  A state prisoner

14    seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

15    his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537

16    U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of

17    appealability is 28 U.S.C. § 2253, which provides as follows:

18
19         (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

20
21         (b)     There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or
22    trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

23         (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

24
25                 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

26                 (B) the final order in a proceeding under section 2255.

27             (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional
28    right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability. Accordingly,

1.   The findings and recommendations issued on September 30, 2021, (Doc. 10), are adopted in full.

2.   The petition for writ of habeas corpus is dismissed without prejudice; and

3.   The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **February 15, 2022**

UNITED STATES DISTRICT JUDGE

3